IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL REAVES, | § | |
| TDCJ No. 2363039, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-536-G-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Samuel Reaves, a Texas prisoner with an established criminal history, appears to now be incarcerated under convictions out of Johnson County for retaliation and for his third DWI, with a projected release date in 2116. *See State v. Reaves*, No. DC-F201700692 (18th Dist. Ct., Johnson Cnty., Tex. Sept. 17, 2021), *appeal pending*, No. 08-21-00186-CR (Tex. App. – El Paso); Dkt. No. 4 at 5.

But, through an amended *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus, Reaves appears to instead challenge his 2015 Johnson County conviction for unlawful possession of a firearm by a felon, a conviction that resulted in a four-year sentence, a sentence that Reaves admits has been discharged. *See State v. Reaves*, No. F49661 (413th Dist. Ct., Johnson Cnty., Tex. Aug. 10, 2015); Dkt. No. 4 at 3-5. Reaves also appears to challenge a parole revocation, *see* Dkt. No. 4 at 3, 6, which revocation may logically be related to the convictions under which he is now incarcerated.

Senior United States District Judge A. Joe Fish referred Reaves's habeas

action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2254 habeas application under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) for the reasons and to the extent explained below.

## Legal Standards and Analysis

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*[1]

> I. If Reaves is "in custody" under his 2015 conviction, his federal-habeas challenge to that conviction should be dismissed with prejudice as time barred.

Under Habeas Rule 4, the Court should first consider whether Reaves is "in custody" under the 2015 state conviction. If he is not, Habeas Rule 4 authorizes the Court to summarily dismiss his collateral challenge to this conviction. *See, e.g.*, *Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D.

---

[1] *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

A federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989).

A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration.").

But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Reaves alleges that the sentence associated with his 2015 conviction "has been discharged." Dkt. No. 4 at 5; *see also Ex parte Reaves*, WR-33,535-04 (Tex. Crim. App. Sept. 22, 2021) (dismissing state habeas application without written order because "the sentence has been discharged").

Still, at this early stage – and given Reaves's less than clear allegations – it is possible that "there is a positive, demonstrable relationship between" the 2015 conviction and any custody resulting from the revocation of Reaves's parole. *See Williams v. Dretke*, No. 05-20303, 2006 WL 707135, at *1 (5th Cir. Mar. 21, 2006) (per curiam) (granting certificate of appealability, vacating, and remanding where the habeas petition was dismissed for lack of jurisdiction even though petitioner "argue[d] that he is in custody based on his conviction for possession of cocaine because this conviction was the sole reason used by the Parole Board to revoke his 1986 parole").

So, given his *pro se* status, and just for the purpose of a summary dismissal under Habeas Rule 4, the undersigned will assume that Reaves's current custody is demonstrably related to his 2015 conviction. Nonetheless, his challenge to that conviction under Section 2254 remains time barred. And, while "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). Under the circumstances here, these findings, conclusions, and recommendation provide Reaves fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his

position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess

In his Section 2254 application, Reaves alleges that he appealed his 2015 Johnson County conviction no sooner than 2021. *See* Dkt. No. 4 at 4 (citing appellate cause number 10-21-00159). But this cause number is not associated with the direct appeal of the 2015 conviction. Instead, in that proceeding, the Waco Court of Appeals construed Reaves's filing as an appeal from the denial of state habeas relief, which the Court of Appeals denied for want of jurisdiction. *See Ex parte Reaves*, No. 10-21-00159-CR (Tex. App. – Waco July 14, 2021) ("Based on the content of the document that Samuel Lyn Reaves has presented, we have filed it as an appeal of the denial of an application for a writ of habeas corpus. It appears Reaves is complaining that he has been held for six years on a judgment that sentenced him to only four. However, the handwritten document presented by Reaves is not entirely legible, and it is difficult to determine the procedural history or the precise ground or basis for relief that Reaves is requesting.").

So, because Reaves did not file an appeal, his 2015 conviction (imposed on August 10, 2015) became final for federal-limitations purposes on the thirtieth day after the state judgment was imposed that was not a Saturday, Sunday, or legal holiday – which was on September 9, 2015. And, "[b]ecause [Reaves's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))). Accordingly, the Section 2254 habeas application,

---

the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

filed no sooner than February 18, 2022, *see* Dkt. No. 3 at 11, was filed more than five years and five months too late.

The collateral attack of the 2015 state conviction under Section 2254 must therefore be denied as untimely absent tolling of the limitations period or establishment of actual innocence. But Reaves has neither shown how another provision of Section 2244(d)(1) could apply here, nor advanced a claim of tolling under the narrow actual innocence gateway, nor established either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented the timely filing of the federal habeas petition. Accordingly, Reaves's request for federal habeas relief as to this conviction should be dismissed with prejudice as time barred.

> II. If Reaves also challenges his parole revocation or 2021 convictions under Section 2254, those challenges are unexhausted and should be dismissed <u>without prejudice.</u>

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A)). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[4]

---

[4] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for

Texas prisoners must present their claims to the Texas Court of Criminal Appeals (the CCA) in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

This requirement applies equally "to habeas petitioners challenging parole [proceedings]." *Dorsey v. Stephens*, Civ. A. No. H-14-03138, 2014 WL 5821955, at *2 (S.D. Tex. Nov. 10, 2014) (citing *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998)), as "[s]uch challenges are routinely presented in state habeas applications," *id.* (citing *Campos v. Johnson*, 958 F. Supp. 1180, 1186 (W.D. Tex. 1997) (citing, in turn, *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App. 1991))). And the Court's Habeas Rule 4 screening authority extends to unexhausted claims. *See Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Habeas Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the

---

the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)).[5]

Reaves's Section 2254 application does not indicate that the CCA has ruled on any claims associated with either his 2021 parole revocation or his 2021 convictions. In fact, records available online indicate that Reaves's direct appeal of the 2021 convictions is pending in the El Paso Court of Appeals. *See Reaves v. State*, No. 08-21-00186-CR (Tex. App. – El Paso) (transferred from the Waco Court of Appeals on October 6, 2021). Accordingly, Reaves has failed to exhaust state court remedies in a procedurally correct manner as to the 2021 state proceedings, and any Section 2254 challenge to those proceedings should be dismissed without prejudice under Habeas Rule 4.

## Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Samuel Reaves's request for federal habeas relief as to his 2015 state conviction with prejudice as time barred and dismiss any request for federal habeas relief as to Reaves's 2021 state proceedings without prejudice as unexhausted. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

---

[5] *See also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 18, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE